Keith C. Owens (CA State Bar No. 184841)
**VENABLE LLP**
2049 Century Park East, Suite 2100
Los Angeles, California  90067
Telephone: 310.229.9900
Facsimile: 310.229.9901
Email: *kcowens@venable.com*

C. Luckey McDowell (TX State Bar No. 24034565) (admitted *pro hac vice*)
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas  75201-2980
Telephone: 214.953.6500
Facsimile: 214.661.6503
Email: *luckey.mcdowell@bakerbotts.com*

ATTORNEYS FOR APPELLEE YA GLOBAL INVESTMENTS, L.P.,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>**COBALIS CORP.**<br><br>Montenegrex<br>　　Appellant,<br>v.<br>YA Global Investments, L.P.<br>　　Appellee. | **District Court**<br>**Case No. SACV12-00826-DSF**<br><br>**Bankruptcy Court**<br>**Case No. 8:07-bk-12347-TA**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS APPEAL; MEMORANDUM IN SUPPORT THEREOF**<br><br>Date: July 16, 2012<br>Time: 1:30 p.m. Pacific<br>Judge: Hon. Dale S. Fischer |

**TO THE HONORABLE JUDGE DALE S. FISCHER AND INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that a hearing will be held on YA Global's Motion to Dismiss Appeal (the "Motion") on July 16, 2012 at 1:30 p.m. before the Honorable Dale S. Fischer in courtroom 840 of the above-captioned Court located at 255 East Temple Street, Los Angeles, California.  The Motion is based on contents of the Motion, the accompanying exhibits, the file in this matter and in the

Bankruptcy Court, and any additional evidence or argument that the Court considers at the hearing thereon.

In the Motion, YA Global seeks dismissal of Mr. Olsen's appeal from the United States Bankruptcy Court for the Central District of California, alleging (i) that the appeal was not timely filed, (ii) that Mr. Olsen lacks standing to appeal, and (iii) that the appeal is now moot. YA Global moves the Court to dismiss the appeal with prejudice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Civil Rule 7 and Judge Fischer's *Standing Order for Cases Assigned to Judge Dale S. Fischer*, any response or opposition to the Motion must be in writing and must be filed with the Court and served upon the undersigned counsel at least twenty-one (21) days before the hearing date. Pursuant to Local Civil Rule 7-12, the failure to timely file and serve a written opposition may be deemed by the Court to be a consent to the granting of the relief requested in the Motion.

Respectfully submitted this 14th day of June 2012.

                **BAKER BOTTS L.L.P.**

                BY: */S/ C. Luckey McDowell*
                      C. Luckey McDowell

                **VENABLE LLP**
                Keith C. Owens
                Counsel to YA Global Investments, L.P.

## MOTION TO DISMISS APPEAL
## AND MEMORANDUM IN SUPPORT THEREOF

Appellee YA Global Investments, L.P. ("YA Global") respectfully files this motion to dismiss the appeal of Rey Olsen, d/b/a Montenegrex. This appeal should be dismissed because (i) Mr. Olsen failed to timely file a notice of appeal, (ii) Mr. Olsen lacks appellate standing, and (iii) the appeal is moot pursuant to 11 U.S.C. § 363(m).

### PRELIMINARY STATEMENT

1. This is Rey Olsen's fifth appeal stemming from the failed reorganization of Cobalis Corporation (the "Debtor").[1] Each of his four previous appeals has been dismissed for procedural failures and lack of prosecution. Like those appeals, this appeal suffers from fatal flaws that require its dismissal. Mr. Olsen filed one Notice of Appeal purporting to appeal the following four orders:

- an order dated December 29, 2011, authorizing the sale of the Debtor's assets in the main bankruptcy case, case no. 8:07-bk-12347-TA[2] (the "Sale Order");[3]

- an order dated April 17, 2012, denying Mr. Olsen's motion to reconsider the Sale Order (the "Sale Reconsideration Order");[4]

- an order dated December 29, 2011, granting summary judgment in adversary proceeding no. 8:11-ap-1395-TA (the "1395 Order");[5] and

- an order dated December 29, 2011, granting summary judgment in adversary proceeding no. 8:11-ap-1416-TA (the "1416 Order").[6]

---

[1] Rey Olsen—the appellant in this case—is a pro se party who refers to himself as "Montenegrex," his sole proprietorship. On June 27, 2012, the Bankruptcy Court will conduct a hearing pursuant to a show cause order directing Mr. Olsen to show cause why he should not be sanctioned for his duplicative and frivolous papers filed in the Bankruptcy Court.

[2] YA Global respectfully requests that the Court take judicial notice of the filings in the main Cobalis bankruptcy case (the "Main Case") and in adversary proceeding nos. 8:11-ap-1395-TA (the "1395 Proceeding") and 8:11-ap-1416-TA (the "1416 Proceeding").

[3] Main Case Dkt. 987.

[4] Main Case Dkt. 1004.

[5] 1395 Proceeding Dkt. 44.

[6] 1416 Proceeding Dkt. 30.

2. Even after accounting for all of the extensions that the Federal Rules of Bankruptcy Procedure provide, Mr. Olsen's Notice of Appeal is untimely as to the first three orders identified above. Mr. Olsen's tardiness is a jurisdictional bar that prohibits appellate review of those orders.

3. The appeal of the fourth order must also be dismissed because Mr. Olsen is not a person aggrieved by that order and therefore lacks appellate standing.

4. Finally, Mr. Olsen's failure to even seek—let alone obtain—a stay pending appeal renders the appeal of all four orders moot. *See* 11 U.S.C. § 363(m).

## PROCEDURAL HISTORY

5. Four years of a highly contested, and ultimately unsuccessful, bankruptcy case neared a conclusion on November 17, 2011 when the Bankruptcy Court held a hearing to consider a motion by the chapter 7 trustee (the "Trustee") to sell substantially all of the Debtor's assets to YA Global.[7] In addition to the sale motion, the November 17 hearing required the resolution of two separate, yet related, adversary proceedings.

6. The two adversary actions were filed in response to arguments by the Debtor's insiders that the Debtor no longer owned certain patents and therefore such patents could not be sold by the Trustee. Adversary Proceeding 1395 sought a determination that the Debtor's assets vested in the chapter 7 estate upon conversion of the Debtor's failed chapter 11 case.[8] Adversary Proceeding 1416 sought (i) confirmation that the Debtor's patents were property of the estate, (ii) a determination that any transfer of the patents other than by the Trustee was null

---

[7] Main Case Dkt. 908 (sale motion).
[8] 1395 Proceeding Dkt. 10.

and void, and (iii) a determination that certain claims by the patents' inventors had been discharged by confirmation of the Debtor's chapter 11 plan.[9]

7. Resolution of the two adversary actions was required before the sale motion could be approved, so all of the arguments were entertained at the single hearing on November 17, 2011. At the conclusion of the November 17, 2011 hearing, the Bankruptcy Court orally granted all three motions and approved the sale to YA Global under section 363(f) of the Bankruptcy Code. Written orders followed about a month later, and on December 29, 2011 the Sale Order, the 1395 Order and the 1416 Order were each entered on the docket.[10]

8. On January 12, 2012, Mr. Olsen timely filed three separate motions to reconsider each of the Sale Order, the 1395 Order, and the 1416 Order. At a hearing on March 27, 2012, the Bankruptcy Court orally denied each of Mr. Olsen's motions to reconsider and ordered Mr. Olsen to show cause why he should not be sanctioned for his frivolous filings. Mr. Olsen never sought a stay of any of the orders pending either resolution of his reconsideration motions or subsequent appeal.

9. On April 17, 2012, the Bankruptcy Court entered separate orders denying Mr. Olsen's motions to reconsider the 1395 Order (the "<u>1395 Reconsideration Order</u>")[11] and the Sale Order (the "<u>Sale Reconsideration Order</u>").[12] On May 8, 2012, the Bankruptcy Court entered an order denying Mr. Olsen's motion to reconsider the 1416 Order (the "<u>1416 Reconsideration Order</u>").[13] Mr. Olsen filed his single Notice of Appeal on May 16, 2012, which

---

[9] 1416 Proceeding Dkt. 9.
[10] 1395 Proceeding Dkt. 44.
[11] 1395 Proceeding Dkt. 62.
[12] Main Case Dkt. 1004.
[13] 1416 Proceeding Dkt. 46.

purports to appeal the Sale Reconsideration Order, the Sale Order, the 1395 Order, and the 1416 Order.

**ARGUMENTS AND AUTHORITIES**

**A.  The Sale Reconsideration Order, Sale Order, and 1395 Order Appeals Should be Dismissed as Untimely**

10.  The orders denying Mr. Olsen's motions to reconsider the Sale Order and the 1395 Order were entered on April 17, 2012, thereby triggering the 14-day appellate window for the Sale Reconsideration Order, the Sale Order, and the 1395 Order. FED. R. BANKR. P. 8002. Mr. Olsen waited almost a month before filing his Notice of Appeal on May 16, 2012.

11.  Mr. Olsen's failure to timely file his notice of appeal is a jurisdictional defect barring appellate review. FED. R. BANK. P. 8002; *Wiersma v. Bank of the West (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007); *Greene v. United States (In re Souza)*, 795 F.2d 855, 857 (9th Cir. 1986); *see also Dahnken's of Santa Barbara, Inc. v. Marsh Indus. (In re Dahnken's of Sanata Barbara, Inc.)*, 11 B.R. 536, 538 (B.A.P. 9th Cir. 1981) (holding that a notice of appeal is complete upon filing, not upon mailing).

12.  In his Notice of Appeal, Mr. Olsen erroneously states that the 14-day window began to run on May 2, 2012, when the Bankruptcy Court entered a separate *Notice of Entered Order* showing that Mr. Olsen was served with the orders now on appeal. Mr. Olsen's position is uniformly rejected in the applicable Rules, as well as in on-point case law. *See* FED. R. BANKR. P. 9022(a) ("Lack of Notice of the entry [of the order] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002"); *Warrick v. Birdsell (In re Warrick)*, 278 B.R. 182, 187 (B.A.P. 9th Cir. 2002) ("It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the

party's affirmative duty to monitor the dockets. Therefore, the failure of a court clerk to give notice of entry of an order is not ground, by itself, to warrant finding an otherwise untimely appeal timely.") (quoting *Kay Bar Invs., Inc. v. Cahn (In re Cahn)*, 188 B.R. 627 (B.A.P. 9th Cir. 1995)).[14]

13. Mr. Olsen's failure to file a Notice of Appeal of the Sale Order, Sale Reconsideration Order and 1395 Order by the May 1, 2012 deadline requires that his appeals of those orders be dismissed for lack of jurisdiction.[15]

## B. Olsen Lacks Standing to Appeal the 1416 Order

14. Mr. Olsen's attempt to appeal the remaining order, the 1416 Order, must be dismissed for lack of standing. Mr. Olsen is not a "person aggrieved" by the 1416 Order, and he may not pursue an appeal on behalf of his allies.

### *(i)   Only a "person aggrieved" has standing to pursue an appeal*

15. The Ninth Circuit, in harmony with other circuits that have addressed the question, has held that an appellant must be a "person aggrieved" to have standing to appeal an order. *See Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983); *see also C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.)*, 636 F.3d 1257, 1260 (10th Cir. 20110); *In re Ray*, 597 F.3d 871, 874

---

[14] *See also Kuntz v. Dasu L.L.C. (In re Cray Computer Corp.)*, 145 F.3d 1345 (10th Cir. 1998) (table) ("Failure to receive notice of the entry of judgment is not an excuse for an untimely appeal."); *Jamison v. John Hancock Mut. Life Ins. Co. (In re Jamison)*, 12 F.3d 212 (6th Cir. 1993) (table) ("No service of the order is necessary to start running of the appeal period."); *Martinez v. Peelle Fin. Corp. (In re Martinez)*, 919 F.2d 145 (9th Cir. 1990) (table) (dismissing appeal because bankruptcy court's failure to serve pro se party with notice of the entry of the order did not excuse appellant's untimely notice of appeal).

[15] Mr. Olsen's right to due process is not implicated by the Bankruptcy Court's delay in serving the orders. Mr. Olsen has known since the conclusion of the November 17, 2011 hearing that he had an appellate right, yet he chose not to appeal. The Bankruptcy Court again orally denied Mr. Olsen's reconsideration motions at a hearing in which Mr. Olsen participated on March 27, 2012. The Bankruptcy Court's delay in entering its orders provided Mr. Olsen with an additional three weeks to file his Notice of Appeal. *Kaplan v. Gruber*, No. 2:11-cv-3572, 2011 WL 4901347, at *7 (D.N.J. Oct. 13, 2011) (finding no due process concerns because appellant need not wait until an order is entered, and is free to appeal immediately following an adverse ruling).

(7th Cir. 2010); *Moran v. LTV Steel Co., Inc. (In re LTV Steel Co., Inc.)*, 560 F.3d 449, 452 (6th Cir. 2009); *In re Combustion Eng'g, Inc.* 391 F.3d 190, 215 (3d Cir. 2004). In other words, "[o]nly those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order." *In re Fondiller*, 707 F.2d at 442. The Ninth Circuit explained that this standing rule fills "the need for an explicit limitation on standing to appeal in bankruptcy proceedings" because "[e]fficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected." *Id.* at 443.

16. The Ninth Circuit Bankruptcy Appellate Panel has held that "appellate standing cannot be asserted derivatively; an appellant must have standing in its own right." *Ezra § Brutzkus § Gubner LLP v. Integrated Knowledge Mktg., Inc. (In re Integrated Knowledge Mktg., Inc)*, 2007 WL 7540949, at *4 (B.A.P. 9th Cir. Nov. 6, 2007) ("Appellants also cannot assert the right to protect the rights of other creditors in the bankruptcy estate, even if it could be shown that the creditors may benefit from the appeal."). In *Integrated Knowledge*, the BAP also noted that an "altruistic purpose" to "protect the assets of the estate" is not sufficient to confer standing on an appellant—the appellant must be able to demonstrate that the order being appealed causes the appellant to suffer "direct, adverse, immediate pecuniary harm." *Id.* at *5.

### (ii)   *Mr. Olsen is not a "person aggrieved" by the 1416 Order*

17. The 1416 Order does not directly or adversely affect any pecuniary interest of Mr. Olsen. Mr. Olsen was not a party to the adversary proceeding, and his attempt to intervene was denied. YA Global filed the 1416 adversary proceeding to debunk a series of shifting theories regarding ownership of the Debtor's patents that were propounded by various insiders of the Debtor. By calling the ownership of the Debtor's property into doubt, these insiders ultimately

hoped to prevent the chapter 7 trustee from selling the Debtor's patents. The Debtor's former management and other insiders of the Debtor first claimed that the Debtor's patents had secretly been sold to or foreclosed on by a relative of the Debtor's former CEO. When this theory proved untenable, the same insiders then claimed that the Debtor never really owned its patents. Instead, the insiders claimed that title to the patents remained in the Debtor's assignor—a company owned by the Debtor's former Chief Scientific Advisor. The insiders attempted to cast the original patent assignment, through which the Debtor came to own its intellectual property in 2000, as a host of other transactions, applying such labels—among others—as license and "shop right."

18. The 1416 proceeding provided the Bankruptcy Court with the vehicle to reject these desperate, concocted theories. The 1416 Order makes clear that the Debtor owned its patents, that the Debtor's former management did not transfer the patents, and that the chapter 7 trustee had the exclusive authority to offer the patents for sale.[16] It is equally clear what the 1416 Order does not do: it does not directly or adversely affect any pecuniary right of Mr. Olsen. *In re Fondiller*, 707 F.2d at 442. The 1416 Order does not strip Mr. Olsen of any rights or property, as no party ever alleged that Mr. Olsen owned the patents.[17] Rather, the 1416 Order confirms that the patents were the property of the Debtor. Mr. Olsen's status as a creditor and equity holder of the Debtor is too far removed to satisfy the "direct" pecuniary interest requirement. His purported derivative status is not recognized in

---

[16] Mr. Olsen failed to a attach a copy of the 1416 Order to his Notice of Appeal. A true and correct copy of the 1416 Order is attached hereto as Exhibit A.

[17] Indeed, as noted above, Mr. Olsen was not even a party to the 1416 proceeding. Although the standard for participation at the trial level differs from the "person aggrieved" standard, it remains instructive to note that in denying Mr. Olsen's motion to intervene, the Bankruptcy Court rejected Mr. Olsen's contention that he held "an interest relating to the property" that would be impaired or impeded by the resolution of the 1416 proceeding. *See* FED. R. BANKR. P. 7024(a)(2).

this circuit, and therefore lacks standing to pursue this appeal. *See In re Integrated Knowledge Mktg., Inc.*, 2007 WL 7540949 at *4.

**C. Mr. Olsen's Appeals Should be Dismissed as Moot Under 11 U.S.C. § 363(m)**

19. Appellants challenging a sale authorized by a bankruptcy court must be particularly diligent or the appeal will be mooted. *See* 11 U.S.C. § 363(m). Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

20. This rules advances the dominant policy of finality in bankruptcy sales; as the Ninth Circuit has explained, "an absolute mootness rule would complement the absolute language of section 363(m)." *Onouli-Kona Land Co. v. Est. of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988).

21. Another court stated the key policies advanced by section 363(m) as follows:

> Section 363(m) is designed to foster two independent but related policies in bankruptcy law. First, the section affords "finality to judgments by protecting good faith purchasers, the innocent third parties who rely on the finality of bankruptcy judgments in making their offers and bids." Thus, a stay is important under this theory because, "[w]ithout the degree of finality provided by the stay requirement, purchasers are likely to demand a steep discount for investing in the property." The second reason why dismissal of an appeal pursuant to section 363(m) once a sale has been consummated is appropriate is because "the court has no remedy that it can fashion even if it would have determined the issues differently." . . . Finally, the aforementioned policies are interrelated because the rule of finality limits the remedies that an appellate court can provide, as the court "cannot order

>relief without compromising the integrity of the sale of the property to a good faith purchaser."

*United Mine Workers of Am. Combined Fund v. CF&I Fabricators of Utah, Inc. (In re CF&I Fabricators of Utah, Inc.)*, 169 B.R. 984, 991 (D. Utah 1994). Without the mootness rule's protection, an unhappy party like Mr. Olsen could prevent a purchaser from being secure in its rights for years following a court-approved sale by simply filing a notice of appeal. Section 363(m)'s absolute language prevents dissatisfied parties from derailing the bankruptcy process and prevents purchasers from extracting deep discounts from debtors.

22.  Section 363(m) applies to all four orders that are subject to this appeal because each order represents an incremental step in the sale process. Other Courts of Appeals have expressly held that an appellant's argument that property was wrongfully assumed into the estate is within the ambit of section 363(m). *See, e.g., Parker v. Goodman (In re Parker),* 499 F.3d 616, 622-625 (6th Cir. 2007); *Hazelbacker v. Hope Gas (In re Rare Earth Minerals),* 445 F.3d 359, 364-65 (4th Cir. 2006); *Pittsburgh Food & Beverage Inc. v. Ranallo,* 112 F.3d 645, 650 (3d Cir. 1997); *Cargill Inc. v. Charter Int'l Oil Co. (In re Charter Co.),* 829 F.2d 1054, 1055 (11th Cir. 1987); *In re Sax,* 796 F.2d 994, 997 (7th Cir. 1986). This appeal attacks each step in the overall sale process, ultimately asking this Court to undo the sale altogether. This appeal is therefore subject to dismissal under section 363(m) without regard to the merits of the appeal.

### (i)  *Mr. Olsen failed to obtain a stay pending appeal*

23.  Section 363(m) is clear: unless an appellant obtains a stay pending appeal, the validity of a sale to a good faith purchaser may not be affected by the appeal. *See Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 576 (9th Cir. 1998) ("When a sale of assets is made to a good faith purchaser, it may not be modified or set aside <u>unless the sale was stayed pending appeal</u>.") (emphasis added). Mr. Olsen failed to seek or obtain a stay of the

bankruptcy proceedings during the pendency of his serial motions to reconsider or this appeal. In the absence of a stay, the Bankruptcy Court entered the order authorizing the sale pursuant to section 363. Any relief granted in this appeal would affect the validity of that sale. Consequently, section 363(m)'s requirement for a stay applies to this appeal.

### (ii) *YA Global purchased the Debtor's assets in good faith*

24.  As detailed above, the Bankruptcy Court orally authorized the sale of the Debtor's assets to YA Global on November 17, 2012. Based on the evidence and testimony it received at the lengthy sale hearing, the Bankruptcy Court made detailed findings in the twelve-page Sale Order entered on December 29, 2011. Significantly, the Bankruptcy Court made several findings that YA Global was a good faith purchaser within the meaning of section 363(m). The Bankruptcy Court found that the Asset Purchase Agreement between YA Global and the Trustee "was negotiated at arm's length and proposed and entered into by and among [YA Global] and the Trustee without collusion and in good faith."[18] The Bankruptcy Court expressly found that YA Global was a good faith purchaser in accordance with section 363(m).[19] The Bankruptcy Court based its holding of good faith on, among other things, the facts that: (i) the Trustee and YA Global engaged in substantial arms length negotiations in good faith and that the Asset Purchase Agreement and related documents are the product of those negotiations; (ii) YA Global supported an extended period of marketing for the assets, despite an already four year long bankruptcy process; (iii) the Trustee conducted a public auction during which interested parties had an opportunity to submit competing bids; and (iv) at the conclusion of the auction, the Trustee determined that

---

[18] Main Case Dkt. 987 at ¶ K.
[19] *Id.*

YA Global's bid as reflected in the Asset Purchase Agreement was the highest and best offer.[20]

25. This case involves a good faith sale to YA Global in the absence of a stay pending appeal. This appeal seeks to modify or reverse the authorization for that sale. Accordingly, YA Global is entitled to the protection of section 363(m), which renders the appeal of the sale moot.

## CONCLUSION

These appeals suffer from jurisdictional and prudential defects that bar Mr. Olsen from obtaining the relief that he seeks. The Court need not reach the merits of these otherwise frivolous appeals as Mr. Olsen has failed to present a cognizable issue for appellate review.[21]

WHEREFORE, YA Global urges the Court to dismiss each of Mr. Olsen's appeals, and grant YA Global such other and further relief to which it may be entitled.

Respectfully submitted this 14th day of June 2012.

**BAKER BOTTS L.L.P.**

BY: */S/ C. Luckey McDowell*
    C. Luckey McDowell

**VENABLE LLP**
Keith C. Owens
Counsel to YA Global Investments, L.P.

---

[20] *Id*. at ¶ L.

[21] YA Global makes this objection on procedural and jurisdictional grounds only. To the extent that Mr. Olsen's appeal survives the flaws addressed in this Motion, YA Global respectfully reserves all of its rights with respect to the merits of the appeal.