JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-826-JST                                              Date:  July 30, 2012
          BK No. 8:07-12347-TA
          Adv: 8:11-01395; 8:11-01416
Title:  In re Cobalis Corp.


Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANTS'
                 MOTION TO DISMISS (Doc. 6)**

　　　　This case is before this Court on appeal from the Order of the United States Bankruptcy Court for the Central District of California by Appellant Montenegrex ("Appellant").  Before the Court is a motion to dismiss this bankruptcy appeal ("Motion") filed by Appellee YA Global Investments, LP ("Appellee").  (Doc. 6.)  Appellant did not file an opposition.  Having read and considered the papers, and taken the matter under submission, the Court GRANTS the Motion.

　　　　Appellant appeals an order issued by the Bankruptcy Court on April 17, 2012 ("Order").[1] (Notice of Appeal at 1, Doc. 2.)  Appellant filed its Notice of Appeal in the Bankruptcy Court on May 16, 2012, almost a month after the Order issued.  (*Id.*)  Federal Rule of Bankruptcy Procedure 8002(a) requires that a notice of appeal be filed with the clerk within 14 days of the date of entry of the order appealed from.  F.R.B.P. 8002(a).  "The failure to timely file a notice of appeal is a jurisdictional defect barring appellate review."  *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007) (citation and internal quotation marks omitted).  Furthermore, "[i]t is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets."  *Warrick v. Birdsell*, 278 B.R. 182, 187 (B.A.P. 9th Cir. 2002).  Therefore, dismissal is warranted due to the untimeliness of this appeal.

---

[1] Appellee's Motion also discusses a May 8, 2012 order ("May 8 Order") denying Appellant's motion to reconsider an order dated December 29, 2011, granting summary judgment in adversary proceeding no. 8:11-ap-1416-TA ("the 1416 Proceeding").  The May 16, 2012 notice of appeal would be timely as to the May 8 Order.  However, Appellant's Notice of Appeal merely states that it is appealing the April 17, 2012 order, and three other *original* orders, dated December 29, 2011 (including an order in the 1416 proceeding) for which reconsideration was denied.  The May 8, 2012 order is not reflected in the Notice of Appeal, and therefore, the Court will not consider it here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-826-JST                                                         Date:  July 30, 2012
          BK No. 8:07-12347-TA
          Adv: 8:11-01395; 8:11-01416
Title:  In re Cobalis Corp.

     Additionally, "[i]f an appellant fails to file a brief within the time provided by these rules, the district court may dismiss the appeal on its own motion . . . ."  C.D. Cal. L. Bankr. R. 4.4. Local Bankruptcy Rule 4.1 provides that unless otherwise ordered by the Court, "briefs shall be prepared and filed in accordance with F.R.B.P. 8009," which in turn requires an appellant to "serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007."  F.R.B.P. 8009(a)(1).  Here, the appeal was entered on the docket on May 23, 2012, and accordingly, Appellant was to file a brief no later than June 6, 2012.  To date, Appellant has not filed a brief, which provides an additional basis for the dismissal of this appeal.
     Accordingly, for the foregoing reasons, the Court dismisses this appeal with prejudice.

                                                                     Initials of Preparer:  enm